Michael Steinmetz (MS3164)
Andrea T. Timpone (AT5628)
**GARSON, SÉGAL, STEINMETZ, FLADGATE LLP**
164 West 25th Street, 11th Floor
New York, New York 10001
Tel: (212) 380-3623
Email: ms@gs2law.com; at@gs2law.com
*Attorneys for Plaintiff, Ernest Paniccioli*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ERNEST PANICCIOLI,                                :
                                                  :
                Plaintiff,          :
                                                  :
   -against-                                    :
                                                  :
NORTHSTAR SOURCE GROUP LLC, SOURCE                :
DIGITAL, INC., & NORTHSTAR MARKETING             :
GROUP, INC.,                                     :
                                                  :
                Defendants.         :
-----------------------------------------------------------------x

Case No. 24-cv-9763

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff, Ernest Paniccioli (hereinafter "Plaintiff" or "Mr. Paniccioli"), by and through his attorneys of record, hereby alleges as follows:

### NATURE OF THE ACTION

    1. This is an action for (a) breach of contract, (b) copyright infringement, (c) vicarious copyright infringement, and (d) unjust enrichment.

    2. Plaintiff is a well-known and celebrated photographer. His photographs are regularly licensed for documentary features, and exhibited and sold as fine art.

    3. Source Digital, Inc. ("Source") and its related entities, NorthStar Source Group LLC, and Northstar Marketing Group, Inc. (collectively, "Defendants") have willfully infringed Plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, as amended, 17 U.S.C §106 by,

1

without authorization, copying, reproducing, adapting, displaying, distributing, and creating derivatives of the copyrighted photographs of which Plaintiff is the author.

4. Defendants have also flagrantly breached the express terms of numerous agreements, including settlement agreements, with Plaintiff, and have wrongfully financially benefitted therefrom.

5. Plaintiff brings this action to enforce his contractual rights and exclusive rights to thirty-five (35) of his originally created and iconic photographs of certain legendary musicians and entertainers which are set forth in composite **Exhibit A,** and watermarked due to the public nature of this filing (collectively, the "Plaintiff's Photographs").

6. Defendants' exploitative and unlawful conduct has enabled Defendants to profit from the Plaintiff's Photographs while simultaneously denying Plaintiff compensation that he is rightfully owed. Accordingly, Plaintiff has been damaged by the Defendants' conduct.

**PARTIES**

7. Plaintiff is an individual residing in Jersey City, New Jersey.

8. Defendant, Source Digital, Inc. is a New York corporation, with a principal place of business in the borough of Manhattan at 240 West 35th Street, Suite 405, New York, NY 10001.

9. Defendant, NorthStar Source Group, LLC ("NorthStar") is a Delaware limited liability company with an address of 240 West 35th Street, Suite 405, New York, NY 10001.

10. Upon information and belief, the sole member of NorthStar is L. Londell McMillan, who is domiciled in New York. As such, NorthStar's citizenship for purposes of diversity jurisdiction is New York.

11. Defendant, Northstar Marketing Group, Inc. ("NorthStar Marketing") is a New York corporation with an address of 635 West 42nd Street, #31 B, New York, NY 10036.

12. Upon information and belief, Source, NorthStar, and NorthStar Marketing, have each inherited infringing content from and absorbed the unauthorized financial benefits of Source's and NorthStar's infringements of the Plaintiff's Photographs.

## JURISDICTION & VENUE

13. This Court has original subject matter jurisdiction of this matter pursuant to 17 U.S.C. §§106, 113 & 501 through 505, and 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1338 (copyright), and 28 U.S.C. §1332 (diversity jurisdiction) as an action between citizens of different states with an amount in dispute exceeding $75,000.00.

14. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a).

15. This Court has general and specific personal jurisdiction over Source pursuant to N.Y. C.P.L.R. §301 as it is domiciled in, and conducts continuous and systematic business in, New York.

16. This Court has general and specific personal jurisdiction over NorthStar pursuant to N.Y. C.P.L.R. §301 as it is domiciled in, and conducts continuous and systematic business in, New York.

17. This Court has general and specific personal jurisdiction over NorthStar Marketing pursuant to N.Y. C.P.L.R. §301 as it is domiciled in, and conducts continuous and systematic business in, New York.

18. This Court has personal jurisdiction over Source as its agreements with Plaintiff were made from and within New York State and Source has benefitted financially from its breach of those agreements and it harmful conduct in this judicial district.

19. This Court has personal jurisdiction over NorthStar and NorthStar Marketing who have benefitted financially from the unauthorized use of Plaintiff's Photographs (defined below) in this judicial district.

20. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and/or it is where Defendants are domiciled.

## FACTS

21. Plaintiff is a well-known and celebrated photographer whose career started after his honorable discharge from the U.S. Navy in 1971.

22. Plaintiff has been featured in major publications, including without limitation, *Life, Time, Rolling Stone, The New York Times,* and *Newsweek*.

23. Plaintiff has and continues to be recognized by notable institutions including Fotografiska New York, the New York Urban Experience Museum, and The Grammy Museum, for his artistic contributions.

24. Plaintiff's body of work encompasses over three (3) decades (1980s, 1990s, and 2000s) of stunning and unique imagery, ranging from the origins of Hip-Hop to rare portraits of generational talents including without limitation, John Travolta, Frank Sinatra, Jay-Z, Whitney Houston, Bobby Brown, Missy Elliot, Biggie Smalls, Tupac, and Eminem, among many others.

25. Plaintiff is regularly requested to speak at prestigious universities about his photography, including, Columbia University.

26. Plaintiff was recently celebrated in a solo exhibition at the Grammy Museum in New Jersey.

27. Plaintiff's photographs are revered as fine art and sold for thousands of dollars.

28. Plaintiff's typical license rate for social media use of his photographs is $1,500 per image for three (3) months.

29. Defendants own and/or operate Source Magazine also known as "The Source."

30. Source Magazine is a well-known magazine founded in 1988 focusing on Hip-Hop celebrity culture, news, and events with a heavy emphasis on photography. Indeed, any news or editorial pieces are secondary to Source Magazine's dominant commercial reliance on photography.

31. Upon information and belief, The Source is now completely digital and offers its content through two (2) main offerings, its website located at: www.thesource.com ("Source Website"), and it's Instagram account under @thesource ("Source IG").

32. The Source Website openly solicits and is jampacked with third-party paid advertising.

33. The Source Website offers merchandise for sale, including, hoodies and sweatshirts.

34. The Source IG has 1.8 Million followers and directly links to the Source Website:



35. Upon information and belief, The Source's estimated annual revenue is $26.3 Million per year.

36. Defendants have a longstanding awareness of Plaintiff's artistic work and his valuable Hip-Hop photography archives.

37. Indeed, this is not the first time Defendants have used Plaintiff's artwork without his permission or consent.

38. In or around 2019, Source entered into a confidential settlement agreement with Plaintiff effective as of February 4, 2019 (the "Confidential Settlement Agreement").

39. In or around May 2021, Defendants used eight (8) photographs authored by Plaintiff without his permission on the Source IG and later agreed in writing to pay Plaintiff a retroactive license fee for that use and until May 6, 2022, and in accordance with the Confidential Settlement Agreement (the "May '21 Agreement").

40. Additionally, Defendants understood that the license fee in the May '21 Agreement was a discount of Plaintiff's typical licensing rate at that time because Defendants also granted Plaintiff a "Source Award" as consideration for its unauthorized use of those photographs.

41. Four (4) of those eight (8) photographs in the May '21 Agreement, being, "Kid n' Play with the Fresh Prince," "Big Daddy Kane and Biz Markie," "Diddy and Mase" and "Nas and Lil' Kim" (the "Retroactive Licensed Photographs") are included in the Plaintiff's Photographs because Defendants used them *again*, beyond the agreed upon license term without Plaintiff's permission or consent.

42. Source and Defendants breached the Confidential Settlement Agreement by using Plaintiff's Photographs, which are at least thirty-five (35) original photographs authored by Plaintiff, without Plaintiff's permission or consent and without compensating Plaintiff in accordance with the cure provisions set forth in the Confidential Settlement Agreement.

43. Source and Defendants breached the May '21 Agreement by using the Retroactive Licensed Photographs beyond the permitted license term without Plaintiff's permission or consent.

44. The Plaintiff's Photographs also includes Plaintiff's photograph that was the subject of the Confidential Settlement Agreement. Defendants displayed that photograph without permission *again* on the Source IG beginning in October 2023 and in breach of the Confidential Settlement Agreement.

45. On more than one occasion, Plaintiff's manager contacted the Source through their Source IG, identifying that the Plaintiff's Photographs were being used without Plaintiff's permission.

46. Indeed, on February 2, 2024, Mr. L. Londell McMillan, the Chairman of NorthStar emailed Plaintiff's agent stating "I wish to compensate him, as his images are valuable and he must be respected. Please advise where we can make a financial contribution to Ernie from The Source." A complete and accurate copy of that February 2, 2024 email is attached hereto as **Exhibit B**.

47. Defendants failed to follow through on this promise and no payment was ever made.

48. On April 8, 2024, Plaintiff's counsel sent Mr. McMillan (on behalf of Defendants) a demand letter identifying the specific photographs being used without Plaintiff's permission and following up on NorthStar's offer to compensate Plaintiff (the "April Demand Letter"). A complete and accurate copy of that April Demand Letter (without confidential exhibits) is attached hereto as **Exhibit C**.

49. Upon information and belief, except for a few of Plaintiff's Photographs, Defendants did not takedown most of the Plaintiff's Photographs from the Source IG before September 2024.

50. Not only have Defendants breached their agreements, they knowingly and willfully infringed upon and used Plaintiff's Photographs *repeatedly* without his permission or consent, and have financially benefitted from their wrongful conduct.

51. Plaintiff holds copyright registrations covering ten (10) of Plaintiff's Photographs, the ("Registered Photographs"). The registration details for the Registered Photographs are set forth below and any corresponding certificates of registration are attached hereto as **Exhibit D**:

| | **Plaintiff Photograph** | **Photo Title** | **Reg. No. and Title** | **Reg. Date** |
|---|---|---|---|---|
| 1 | | Kriss Kross | TX0005686507 "Who shot ya? : three decades of hiphop photography / photos by Ernie Paniccioli; edited by Kevin Powell" | 02/25/2003 |
| 2 | | Outkast | TX0005686507 "Who shot ya? : three decades of hiphop photography / photos by Ernie Paniccioli; edited by Kevin Powell" | 02/25/2003 |
| 3 | | Roxanne Shante, Real Roxanne | TX0005686507 "Who shot ya? : three decades of hiphop photography / photos by Ernie Paniccioli; edited by Kevin Powell" | 02/25/2003 |
| 4 | | Tribe Called Quest | Vau001273389 "Tribe called quest copyright" | 05/06/2017 |
| 5 | | Kid n' Play with The Fresh Prince* | VA0002173577 "Hip Hop at the End of the World: The Photography of Brother Ernie" | 09/04/2019 |

8

|   | **Plaintiff Photograph** | **Photo Title** | **Reg. No. and Title** | **Reg. Date** |
|---|---|---|---|---|
| 6 | | Naughty by Nature | TX0005686507<br>"Who shot ya? : three decades of hiphop photography / photos by Ernie Paniccioli; edited by Kevin Powell" | 02/25/2003 |
| 7 | | Whitney Houston, Bobby Brown and Biggie | VA0002173577<br>"Hip Hop at the End of the World: The Photography of Brother Ernie" | 09/04/2019 |
| 8 | | Chuck D | VA0002173577<br>"Hip Hop at the End of the World: The Photography of Brother Ernie" | 09/04/2019 |
| 9 | | Eric B and Rakim | TX0005686507<br>"Who shot ya? : three decades of hiphop photography / photos by Ernie Paniccioli; edited by Kevin Powell" | 02/25/2003 |
| 10 | | Nas | VAu 1-273-386 | 05/06/2017 |

9

52. Defendants' unauthorized copy, reproduction, display, alteration, modification, distribution, and creation of derivatives of the Plaintiff's Photographs occurred after the date of registration of all the above Registered Photographs.

53. Upon information and belief, Defendants' unauthorized use of the Plaintiff's Photographs on the Source IG occurred between 2020 to April 2024 (continuing even after Defendants' emailed Plaintiff with an offer to compensate him for their acknowledged unauthorized uses).

54. Specifically, Defendants' unauthorized use of the Plaintiff's Photographs, including the Registered Photographs, are substantially similar to, if not identical, to their originals.

55. Plaintiff did not discover Defendants' unauthorized use of the Plaintiff's Photographs until late 2023.

56. Defendants have used the Plaintiff's Photographs in breach of the Confidential Settlement Agreement, the May '21 Agreement, and without compensation to Plaintiff in an amount no less than $180,500.00.

57. Defendants have willfully infringed upon the Registered Photographs and Plaintiff seeks statutory damages in cases of willful infringement in accordance with 17 U.S.C. §504(c)(2).

## FIRST CLAIM FOR RELIEF
### (Breach of Contract – Against Source and NorthStar)

58. Plaintiff re-alleges and incorporates by reference paragraph 1 through 57 as if fully set forth herein.

59. Plaintiff entered into two (2) written and enforceable agreements concerning the Plaintiff's Photographs, including, the Retroactive Licensed Photographs.

60. Plaintiff performed all his obligations pursuant to each of the Confidential Settlement Agreement and the May '21 Agreement.

61. Source failed to perform its obligations pursuant to the Confidential Settlement Agreement and the May '21 Agreement.

62. Upon information and belief, when NorthStar acquired Source, it also became an assignee and beneficiary of the Confidential Settlement Agreement and the May '21 Agreement.

63. NorthStar failed to perform its obligations pursuant to the Confidential Settlement Agreement and the May '21 Agreement.

64. Source and NorthStar breached the terms of the Confidential Settlement Agreement by using the Plaintiff's Photographs without permission and without the agreed upon compensation in breach of the cure mechanisms in that agreement.

65. Source and NorthStar breached the terms of the May '21 Agreement by using the Retroactive Licensed Photographs without permission beyond the agreed upon license term.

66. Source and NorthStar breached the Confidential Settlement Agreement and the May '21 Agreement beginning in November 2020 and as recently as April 2024.

67. As a direct result of Defendants' breaches of contract, Plaintiff has suffered damage in an amount no less than $180,500.00.

## SECOND CLAIM FOR RELIEF
(Willful Copyright Infringement – Against Source and NorthStar)

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as if fully set forth herein.

69. Plaintiff is the author of and created the Registered Photographs that have been registered with the U.S. Copyright Office.

70. Plaintiff complied with The Copyright Act when applying for the relevant copyright registrations and making the required deposit for the images contained therein.

71. Source and NorthStar have copied, reproduced, displayed, altered, modified, created derivatives of, and distributed, the Registered Photographs on the Source IG without authorization or consent from Plaintiff in a manner that is substantially similar (if not identical to) the originals.

72. Source and NorthStar infringed the Registered Photographs knowingly, and with the intent to financially gain from Plaintiff's work.

73. Source and NorthStar have failed to exercise their obligation to supervise persons within their control to prevent infringement, and they willfully did so with intent to further their financial interest in the infringement of the Registered Photographs.

74. Source and NorthStar infringed the Registered Photographs despite having written agreements with Plaintiff concerning their use of his photographs.

75. Source and NorthStar continued to infringe the Registered Photographs even after acknowledging that they owed Plaintiff compensation (and did not provide it).

76. Upon information and belief, Source and NorthStar continued to infringe the Registered Photographs even after being placed on notice by Plaintiff's manager's notifications and the April Demand Letter.

77. Accordingly, Source and NorthStar have willfully, directly and contributorily infringed the Registered Photographs.

78. Due to Source and NorthStar's infringing acts, Plaintiff has suffered damage and is entitled to statutory damages in the case of willful infringement pursuant to 17 U.S.C. §504(c)(2).

### THIRD CLAIM FOR RELIEF
**(Vicarious Copyright Infringement – Against NorthStar and NorthStar Marketing)**

79. Plaintiff realleges and incorporates by reference paragraphs 1 through 78 as if fully set forth herein.

80. NorthStar and NorthStar Marketing infringed upon the Registered Photographs because NorthStar and NorthStar Marketing had the right, authority, and ability to control or supervise Source's actions, failures, and omissions which infringed upon the Registered Photographs.

81. NorthStar and NorthStar Marketing obtained a direct financial interest, financial advantage, and/or economic consideration from the infringements.

82. Plaintiff has suffered damage as a result of NorthStar and NorthStar Marketing's vicarious infringement of the Registered Photographs.

### FOURTH CLAIM FOR RELIEF
**(Unjust Enrichment – Against All Defendants)**

83. Plaintiff realleges and incorporates by reference paragraphs 1 through 82 as if fully set forth herein.

84. Defendants used and benefitted from their use of the Plaintiff's Photographs without compensation to Plaintiff.

85. Plaintiff has suffered damage as a result of Defendants' unauthorized use of Plaintiff's Photographs without compensation to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

    a. that Defendants be ordered to pay Plaintiff all unpaid license fees and damages arising from Defendants' multiple breaches of contract;

    b. that Defendants be ordered to pay Plaintiff pre-judgment and post-judgment interest on all applicable damages;

    c. that Defendants be required to provide a full accounting to Plaintiff for the profits derived from their infringing use of the Registered Photographs;

  d. that the Defendants be ordered to pay Plaintiff all damages, including, future damages, that Plaintiff has sustained or will sustain as a result of Defendants' infringing acts complained of herein, and that Plaintiff be awarded statutory damages therefor;

  e. that Defendants be ordered to pay Plaintiff punitive damages as a result of Defendants' deliberate and willful misconduct;

  f. that Defendants be permanently enjoined from all further infringement of the Registered Photographs;

  g. that Defendants be ordered to pay Plaintiff's reasonable attorneys' fees, and costs of suit; and

  h. such other and further relief as the Court deems equitable and just.

Dated: December 18, 2024
    New York, New York

        **GARSON, SÉGAL, STEINMETZ FLADGATE LLP**

       By: /s/ Andrea T. Timpone
         Andrea T. Timpone (AT5628)
         Michael Steinmetz (MS3164)
         164 West 25th Street, 11th Floor
         New York, NY 10001
         Tel: (212) 380-3623
         Email: at@gs2law.com; ms@gs2law.com