



**The McMillan Firm**
240 W 35th Street Suite 405
New York, NY 10001
646-559-8314

February 20, 2025

**VIA ECF**
Hon. Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Application GRANTED. The public right of access to court documents is outweighed by the privacy interests of the parties and others and the interest in preserving the confidentiality of settlement agreements. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14 Misc. 2543, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016) ("The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement.").
>
> The Clerk of Court is respectfully directed to terminate ECF No. 26.
>
> SO ORDERED.
>
> *Dale E. Ho*
> Dale E. Ho
> United States District Judge
> Dated: March 14, 2025
> New York, New York

Re:    *Ernest Panicciola v. Source Digital, Inc., et al.*
         Case No: 1:24-cv-09763-DEH

Dear Judge Ho:

    We represent Defendant Source Digital, Inc. in the above-referenced case. Pursuant to Your Honor's Individual Practice Rule 6(d)(ii) and Standing Order 19-MC-583, we write to respectfully request that the Court grant this application to seal the following document in submitted in connection with Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), to Strike under Fed. R. Civ. P. 12(f), or Alternatively, to Compel Arbitration and Stay Proceedings, filed concurrently herewith.

    Defendant seeks to seal single document, attached as Exhibit 1 to the Declaration of Matthew Abbott. A sealed copy of the Exhibit has been filed on ECF. The document is a settlement agreement between Plaintiff, Defendant, and three individuals who are not parties to this lawsuit, and prohibits public disclosure of the terms of the agreement by all parties

    Defendant's Exhibit 1 should be sealed due to the existence of countervailing factors to disclosure, specifically, the privacy interests of Defendant, Plaintiff and several third parties, and the interest in preserving the confidentiality of settlement agreements. Although there is a presumption of public access to judicial documents and proceedings, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20,123-24 (2d Cir. 2006), the public's right of access to court documents may be surmounted by a party's showing that sealing the documents will further other substantial interests, such as to preserve higher values. *Id.* at 124 (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). The public's right of access is not absolute.

    Here, there exist significant "countervailing factors" to disclosure, including "the privacy interests of those resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[P]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857–58 (2d Cir. 1998)). *See also In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016) (observing that "[t]he Second Circuit has repeatedly affirmed the importance of settlement

confidentiality in light of the public interest in promoting settlement" and then sealing settlement documents).

Courts have sealed settlement documents to preserve the privacy interest of third parties. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (permitting redaction of "information regarding settlement agreements with third parties, which include confidentiality obligations to those third parties."); *Richmond v. Montefiore Med. Ctr.*, 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (granting motion to seal confidential settlement agreement and settlement communications with third party). Here, in addition to Plaintiff and Defendant, there are several additional parties to the settlement agreement who entered into it with the expectation that its terms would remain confidential.

Counsel for Plaintiff is not expected to object to this request given that it seeks sealing of an agreement under which Plaintiff has a corresponding duty of confidentiality. For the reasons stated above, Defendant respectfully requests that this Court enter an Order sealing Exhibit 1.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s Matthew F. Abbott
Matthew F. Abbott
THE MCMILLAN FIRM
240 W. 35th, Suite 405
New York, NY  10001
Telephone: (646) 559-8314
Email:  matthew@thenorthstargroup.biz

Cc: All counsel of record (via ECF)