```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
ERNEST PANICCIOLI                                               :
                                                                :
                    Plaintiff,                                  :    MEMORANDUM ORDER
                                                                :
          -v.-                                                  :
                                                                :    24 Civ. 9763 (DEH) (GWG)
                                                                :
NORTHSTAR SOURCE GROUP LLC et al.,                              :
                                                                :
                    Defendants.                                 :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Defendants have filed a letter motion to stay discovery pending resolution of their motion to dismiss, to strike, or, alternatively to compel arbitration (Docket # 35). Plaintiff has filed a brief letter response (Docket # 36).[1]

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation and quotation marks omitted). In deciding whether good cause has been shown pending a dispositive motion, courts consider a three-factor test: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." Id. (cleaned up). However, a motion for a stay of discovery should arguably be evaluated differently where a motion to compel arbitration, rather than a motion to dismiss, is involved. As one court has noted:

> When a dispositive motion would remove the litigation to another forum, good cause may require a stay. See Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (upholding trial court's decision to stay discovery pending decision on forum non conveniens motion, because permitting discovery would defeat the purpose of the motion). Motivated by this same concern, courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above. . . . Citing . . . concern for judicial economy, many other courts have followed suit, one going so far as to observe that "the general practice of district courts," is to impose "a stay of discovery . . . while the motion to compel arbitration [i]s pending." Intertec Contracting Turner Steiner Int'l, S.A., No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) . . .

---

[1] Both parties' letters bear an incorrect docket number. The parties should be sure to correct this error for any future letters.

Dome Tech., LLC v. Golden Sands General Contractors, Inc., 2017 WL 11577923, at *1-2 (D. Conn. July 24, 2017); accord Stiener v. Apple Computer, Inc., 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the parties, a short stay of . . . discovery pending the determination of the motion to compel arbitration is . . . prudent. Indeed, this is a common practice while motions to compel [arbitration] are pending.") (citations omitted); see also Ross v. Bank of America, N.A. (USA), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (granting a stay of discovery merely because there were "threshold issues concerning arbitration").  In other words, courts generally engage in a presumption that there should be a stay of discovery pending the decision on a motion to compel arbitration.

      Even if we were to apply the traditional three-factor test, a stay of discovery is warranted here.  Defendants make a strong showing that their motion is meritorious, that the breadth of discovery weighs in favor of a stay, and that plaintiff would not be prejudiced by a delay in discovery pending resolution of the motion.  Docket # 35 at 2-4.  In response, plaintiff provides almost no argument in opposition to defendants' analysis of the three factors — with the exception of plaintiff's assertion that "discovery . . . would not be as extensive as Defendants' have indicated."  (Docket # 36).  But plaintiff does not even reveal exactly what discovery he would be seeking.

      Accordingly, because all three factors favor a stay of discovery and because of the importance of a stay to preserve the benefits of arbitration, the application to stay discovery is granted (Docket # 35).  Discovery is stayed pending resolution of the motion to dismiss, to strike, or, alternatively to compel arbitration.  If this motion is denied, the parties shall file a joint letter within 7 days annexing their proposal or proposals for a scheduling order.

      SO ORDERED.

Dated: May 16, 2025
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge