UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST PANICCIOLI,
Plaintiff,
v.
SOURCE DIGITAL, INC., et al.,
Defendants.

24 Civ. 9763 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

This action concerns alleged copyright infringement of various photographs. The case is currently stayed pending arbitration. *See* ECF No. 44.[1] A hearing in the arbitration is scheduled for September 16, 2026. *See* Pl.'s Mem. in Supp. of Mot. for Prelim. Inj., ECF No. 56 ("Pl.'s Mem."), at 3. Plaintiff Ernest Paniccioli, however, has moved for a preliminary injunction. ECF No. 55. The parties separately move to seal various documents submitted in connection with the preliminary injunction motion. *See* ECF No. 60 (Defs.' Mot. to Seal ECF No. 61-1, redacted version on the public docket at ECF No. 59-1); ECF No. 63 (Pl.'s Mot. to Seal ECF No. 67, redacted version on the public docket at ECF No. 66-4).

For the reasons stated below, the motion for a preliminary injunction is **DENIED**. The motions for sealing are **GRANTED**.

## I. Motion for Preliminary Injunction

### A. Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v.*

[1] Prior to the Court's issuance of a stay, Plaintiff also moved to "continue discovery." ECF no. 42. That request is denied as moot in light of the court's issuance of a stay, ECF No. 44.

*Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam) (cleaned up). In considering an application for preliminary injunction, the Court must evaluate the plaintiff's showing for "(1) a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010).

**B. Application**

Despite the fact that this case is currently stayed, Plaintiff was compelled to bring this motion because as recently as this July, he found that several of the allegedly infringed photographs pleaded in his Complaint remain posted online on Defendants' social media feed; Plaintiff also found two additional of his photographs posted on Defendants' feed, one of which was posted approximately one year after the lawsuit was filed. *See* Pl.'s Mem. at 3. In response, Defendants' counsel states that they had believed that the pleaded photographs had already been taken down, and that in any event, all of the photographs that are the subject of the current motion, including the newly-identified ones that were not pleaded in the Complaint, have now been taken down. *See* Defs.' Mem. in Opp. to Mot. for Prelim, Inj., ECF No. 58 ("Defs.' Mem."), at 6, 16.

In his Reply, Plaintiff does not deny that this is the case, but argues that Defendants' voluntary cessation of infringing conduct does not render this case moot. *See* Pl.'s Reply, ECF No. 65, at 8. That is correct, as it is not clear from the record that the challenged conduct cannot reasonably be expected to recur. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189-90 (2000). But while the *case* remains live, it does not follow that Plaintiff's request for preliminary relief remains urgent. To the extent that Plaintiff's requested emergency relief would require Defendants to take down his photographs from their social media accounts, that has now occurred. *Cf. Bank of N.Y. Co. v. Ne. Bancorp, Inc.*, 9 F.3d 1065, 1067 (2d

Cir. 1993) (explaining that, generally, a request for "a preliminary injunction is mooted by the occurrence of the action sought to be enjoined."); *see also In re Clean Air Car Serv. & Parking Branch Two, LLC*, No. 24-522, 2024 WL 4192426, at *1 (2d Cir. July 12, 2024) (same). And while Plaintiff expresses significant concerns that the allegedly infringing conduct may recur in the future without additional controls, the Court cannot conclude, on the record before it, that such concerns—while perhaps understandable in light of the history between the parties—amount to the requisite "clear showing" of an entitlement to preliminary relief, particularly on the issue of irreparable harm. *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007).[2]

To be clear, the Court's ruling in denying a preliminary injunction is based solely on Defendants' representation that the subject photographs have been taken down from their social media feeds. The Court's ruling without prejudice to renewal of the motion (including Plaintiff's request for broader relief) if infringing conduct recurs.

## II. Sealing Motions

### A. Legal Standard

The Court applies a three-part inquiry to determine whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[3] First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and

[2] Because the Court concludes, on the current record, that irreparable injury is not established for purposes of the "extraordinary and drastic remedy" of preliminary relief, *id.*, it does not address the remaining injunction factors.

[3] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88. "The presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Id.* at 89. However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123.

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88. "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Competing considerations may include the protection of "sensitive business information," the release of which could cause a litigant "competitive harm." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022). "A further countervailing consideration is the privacy interests of innocent third parties which should weigh heavily in a court's balancing equation." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (citing *Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990)). The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

### B. Application

The documents in question are undoubtedly judicial documents to which a relatively strong presumption of public access attaches, as they are submitted in connection with a motion for a preliminary injunction. But in the case of Defendants' motion, that interest is overcome by the privacy interests of a third party, here, Cornell University. *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *6 (S.D.N.Y. June 17, 2020). The requested redactions are very narrowly tailored to protect that privacy interest. *See* ECF No. 59-1. As for Plaintiff's motion, the presumption of public access may be overcome by the interest in confidentiality in arbitration proceedings. *See Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 71 (2d Cir. 2023). Because the document in question arises from the parties' ongoing arbitration, the Court concludes that sealing is appropriate, at least at the present time.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a preliminary injunction is **DENIED**. The parties' respective sealing requests are **GRANTED**.

The Clerk of Court is respectfully directed to terminate ECF Nos. 42, 55, 60, and 63.

SO ORDERED.

Dated: September 14, 2026

New York, New York

DALE E. HO
United States District Judge